## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Mr. Jason Williams** | * |
| **2507 Karen Way** | |
| **Westminster, Maryland 21157** | * |
| | |
| **and** | * |
| | |
| **Ms. Anne Katz** | * |
| **3061 Strickland Street** | |
| **Baltimore, Maryland 21223** | * |
| | |
| **and** | * |
| | |
| **Mr. John L. McDonald** | * |
| **1510 Rosewick Ave.** | |
| **Rosedale, Maryland 21237** | * |
| | |
| **and** | * |
| | |
| **Mr. Edward Stokes** | * |
| **503 N. Main Street** | |
| **Hurlock, Maryland 21643** | * |
| | |
| ***On behalf of themselves and*** | * |
| ***others similarly situated*** | |
| | * |
| **Plaintiffs** | |
| | * |
| **v.** | Case No. _____ |
| | * |
| **EZ Storage Corp.** | |
| **8221 Snowden River Pkwy** | * |
| **Columbia, Maryland 21045** | |
| | * |
| **a Maryland Corporation** | |
| | * |
| **Defendant** | |

_____/

## COLLECTIVE ACTION COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Messrs. Jason Williams, McDonald, Edward Stokes and Ms. Anne Katz, on

behalf of themselves and others similarly situated, and through undersigned counsel, state a collective action complaint against Defendant EZ Storage Corporation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and demands a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1.      Plaintiff Williams is a resident of Carroll County, Maryland.  Plaintiff Stokes is a resident of Dorchester County, Maryland.  Plaintiff Katz is a resident of Baltimore City, Maryland.  Plaintiff McDonald is a resident of Baltimore County, Maryland.  By failing to pay Plaintiffs, and others similarly situated, overtime due in the proper amounts, Plaintiffs allege that Defendant violated the overtime provisions of the FLSA.

2.      In addition to actual sums owed, Plaintiffs seek liquidated damages pursuant to the FLSA, and attorneys' fees and costs as provided under the FLSA.

3.      Defendant EZ Storage Corporation is an enterprise engaged in interstate commerce.  At all times material herein, Defendant EZ Storage Corporation has had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.  Moreover, EZ Storage Corporation is involved in the interstate leasing of storage space, which requires the Defendant to order office supplies that move across state lines, use telecommunications to communicate with various EZ Storage locations, customers, and vendors using telecommunications that cross state lines, and other transacting business and participating in the movement of persons, goods, and services in interstate commerce.  Defendant EZ Storage Corporation employs no less than two employees who are engaged in commerce or in the production of goods and/or services for commerce, as described above, and/or EZ Storage Corporation has two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce.  Therefore, all of the employees of Defendant EZ Storage Corporation, including the Plaintiffs, are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and Defendant EZ Storage Corporation has been at all times material herein an "employer" within the meaning of the FLSA.

4.      Defendant EZ Storage Corporation has its corporate headquarters in Howard County, Maryland.  Accordingly, venue is proper.

5.      This Court has jurisdiction to hear this FLSA claim.

<u>**Factual Allegations**</u>

6.      At all times relevant to the events alleged in this complaint, Plaintiffs were employees of the Defendant, as provided under 29 U.S.C. § 203.

7.      From August 2004 through January 2010, the Plaintiffs performed hourly work for the Defendant at various self-storage locations.  Plaintiffs worked either as a "Relief Manager," and/or "Resident Managers."

8.      Both of the Plaintiffs are non-exempt under the FLSA, as they, along with other Relief Managers and Resident Managers were paid hourly by Defendant.  Plaintiffs also were eligible to earn a monthly bonus.

9.      In the last three years, and upon information and belief, Defendant has employed hundreds of "Relief Managers" and "Resident Managers," across the State of Maryland and the Commonwealth of Virginia.  All of these Relief Managers and Resident Managers are paid on an hourly basis.

10.     However, the Plaintiffs, like other Relief Managers and Resident Managers, were forced to begin their work from 15 to 45 minutes before their scheduled start in the morning, and were

forced to work an additional one and one-half (1 ½ ) to three (3) hours at the end of each month (to perform tasks associated with recordkeeping), without any compensation whatsoever, which if added to their hourly work schedules, would have resulted in the Plaintiffs, and other Relief Managers and Resident Managers, regularly working in excess of a forty hour workweek.

11.     Defendant had knowledge that the Plaintiff, and others similarly situated, were classified as non-exempt, worked in excess of forty hours a week, received monthly bonuses, but were only paid their hourly wage for the time that they were scheduled, i.e., 40 hours a week.  Accordingly, the Plaintiffs, along with other Relief Managers and Resident Managers, worked "off-the-clock" hours in amounts that are more than de minimis under prevailing interpretations of the FLSA.

12.     Defendant's method of depriving the Plaintiffs, and others Resident Managers and Relief Managers, of proper overtime constitutes a willful violation of the FLSA by Defendant. Defendant is a large corporation with access to human resource professionals and employment lawyers with experience in FLSA matters.  They understood that they were requiring their Relief Managers and Resident Managers to perform off-the-clock work which, if added to other scheduled work time, would result in overtime liability.  It is inconceivable that this was an innocent error by Defendant, but rather a calculated effort to avoid paying proper overtime wages under the FLSA.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Overtime)

13.     Plaintiff incorporates paragraphs 1-12 as set forth above, and states that Defendant's actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendant - at all times during the Plaintiffs' employment - have willfully failed and

otherwise refused to compensate the Plaintiffs, and other similarly situated non-exempt (hourly) Relief Managers and Resident Managers, for hours in excess of forty hours in a work week at a rate of not less than one and one-half times their regular rate of pay.

### **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Certify this action as a national collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to all potential opt-in Plaintiffs who worked in the last three years as hourly-paid Relief Managers and Resident Managers for Defendant, and otherwise supervise the maintenance of this collective action;

(b)     Order Defendant to pay Plaintiffs, and others similarly situated persons who opt-into this case, all unpaid overtime premiums determined by the Court to be due and owing to the Plaintiffs, and other opt-in Plaintiffs, under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime premiums awarded to Plaintiffs;

(c)     Award Plaintiffs, and other opt-in Plaintiffs, their attorneys' fees and costs in pursuing this action;

(d)     Award Plaintiffs, and other opt-in Plaintiffs, interest on any sums determined due and owing from Defendant;

(e)     Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,


_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)


**<u>Jury Demand</u>**

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a

jury.


_____
Howard B. Hoffman, Esq.