IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON WILLIAMS, *et al.*,
On behalf of themselves and
others similarly situated

    Plaintiffs,

        v.

ezSTORAGE CORP.

    Defendant.

Civil Action No.: RDB-10-3335

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiffs Jason Williams, Todd Williams, John McDonald, Edward Stokes, David Armentrout, Jr., and Stacie Armentrout (collectively "Plaintiffs"), on behalf of themselves and those similarly situated, filed a one count complaint (ECF No. 1) against their former employer ezStorage Corporation ("ezStorage" or "Defendant") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Presently pending is Plaintiffs' motion for conditional collective action certification and court-approved notice under the FLSA § 216(b). The motion has been fully briefed, and this Court held a hearing on April 20, 2011 pursuant to Local Rule 105.6 (D. Md. 2010). Although this Court ruled in favor of Plaintiffs' motion at the hearing, this Court thinks it prudent to more fully set forth the basis for that decision. Therefore, for the reasons stated on the record at the hearing and the reasons that follow, Plaintiffs' motion for conditional collective action certification (ECF No. 11) is GRANTED.

## BACKGROUND

ezStorage operates approximately forty-five self-storage facilities located in Maryland and Virginia. ezStorage employs Resident Managers at its locations, and those Resident Managers, as their name suggests, generally reside on-site at the storage facility locations. Resident Managers generally supervise the storage facilities, rent storage units, provide customer service, and report to ezStorage management regarding the tenancy statistics of their particular locations. Resident managers are scheduled to work eight hours per day, five days per week. ezStorage also employs Relief Managers who fill in for Resident Managers on their days off and on days when the Resident Managers otherwise miss work. Resident and Relief Managers are supervised by District Managers—there are five District Managers who supervise the forty-five ezStorage locations. Resident and Relief Managers work on an hourly basis and occasionally received monthly bonuses. ezStorage has stipulated that all Resident and Relief Managers are uniformly subject to the same policies, rules, pay systems, hours, and benefits.

Plaintiffs allege that, despite their set eight hour work days, they were frequently required to work extra amounts for which they were uncompensated by Defendant. *See* Compl. ¶ 10, ECF No. 1. Specifically, Plaintiffs allege that they were forced to perform uncompensated work in two primary ways: by (1) being required to arrive forty-five to fifteen minutes early in the morning, and (2) being required to perform month-end recordkeeping procedures which would add approximately one and one half to three hours to the end of each month. *Id.*, *see also* Williams Decl. ¶¶ 4-7, ECF No. 11-2. Plaintiffs have submitted the relevant sections of the ezStorage operations manual which describes the

2

various tasks associated with the month-end procedures complained of by Plaintiffs. *See* Pls. Mot. Ex. 3, ECF No. 11-3. In addition, the named plaintiff, Mr. Williams avers in a declaration attached to Plaintiffs' motion that he has spoken with other Residential and Relief Managers and they too complain of being forced to work off the clock, in excess of forty hours per week. *See* Williams Decl. ¶ 8. Moreover, Mr. Williams alleges that the policy was applied throughout the various ezStorage facilities, and that an ezStorage vice president sent mass e-mails to all ezStorage employees describing the month end procedures. *Id.* ¶ 9. In sum, Plaintiffs argue that they were never paid for the pre-shift and end of month work, and that they should be properly compensated for overtime work under the FLSA.

## STANDARD OF REVIEW

Collective action lawsuits brought under the Fair Labor Standards Act have been described as "a unique species of group litigation" that differs from the more common class action suits brought under Rule 23 of the Federal Rules of Civil Procedure. *See* 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1807 (3d ed. 2005). Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b) (A FLSA collective action "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). *See also Williams v. Long*, 585 F. Supp. 2d 679, 684 (D. Md. 2008) ("The paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'") As this Court has previously indicated,

3

a two-step inquiry is employed in deciding whether to certify a collective action under the FLSA:

> First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action.

*Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and is often referred to as the "decertification stage." *See Syrja v. Westat, Inc.*, __ F. Supp. 2d __, 1956 WL 95230, at *3 (D. Md. Nov. 2, 2010).

Generally, plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Nevertheless, district courts have broad discretion to determine whether a collective action is an appropriate means for prosecuting an FLSA cause of action. *Id.* at 1219; *see also Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D.Va. 2006); 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1807, n.44 (3d ed. 2005). Although the United States Court of Appeals for the Fourth Circuit has not defined the phrase "similarly situated," this Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancía v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344, at *3 (D. Md. Oct. 14,

4

2008). To make this showing, Plaintiffs allegations "must consist of more than 'vague allegations' with 'meager factual support,' but it need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Id.* at \*2 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995). In addition, to make this showing, Plaintiffs may rely on "affidavits or other means." *Williams*, 585 F. Supp. 2d at 683; *Dorsey v. The Green Turtle Franchising Corp.*, No. CCB-10-92, 2010 WL 3655544, at \*1 (D. Md. Sept. 14, 2010).

## ANALYSIS

Here, Plaintiffs have submitted a sworn affidavit stating that Resident and Relief Managers were subject to the same policies and procedures and were not compensated for pre-shift and end of month work they performed in excess of forty hours per week. *See* Williams Decl., ECF No. 11-2. Moreover, Mr. Williams' affidavit states that he personally talked with other Resident and Relief Managers who also complained of uncompensated work demands imposed by their ezStorage supervisors. *Id.* at ¶ 8. As corroboration, Plaintiffs point to the stipulation made by Defendant that that all Resident and Relief Managers are uniformly subject to the same policies, rules, pay systems, hours, and benefits. In addition, Plaintiffs have provided relevant sections of the ezStorage operations manual which describes the pre-shift and end of month procedures demanded of Resident and Relief Managers. This evidence is sufficient to establish, at this conditional certification stage at least, that these plaintiffs are "similarly situated" as victims of a common scheme or plan by the Defendant to avoid making overtime payments to Resident and Relief Managers.

5

Defendant's opposition to conditional class certification consists primarily of its argument that a single affidavit is not enough to support even the minimal showing required of Plaintiffs. Defendant also takes issue with the Plaintiffs characterization of the company's operations manual—specifically, Defendants point to sections of the manual that directs Resident and Relief Managers to either come to work late, or leave early to account for days they may have worked in excess of eight hours. However, Defendant's arguments are unavailing. With regard to the single affidavit, this Court finds that its allegations, when combined with the ezStorage operations manual and the stipulation that all Residential and Relief Managers are subject to the same pay and work policies, is sufficient to meet the Plaintiffs' burden. In addition, Defendants' argument regarding the sections of the operations manual that seem to indicate some sort of company policy designed to avoid making employees work excess hours, appears to be an argument on the merits of the case. Attacking the merits of the case is inappropriate at this stage in the litigation. Plaintiffs must make only a minimal evidentiary showing in order to proceed as a collective action on a provisional basis. *See Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007). Plaintiffs have made the necessary showing, and for that reason, this Court finds that collective action certification is warranted.

## NOTICE PROVISIONS

For the reasons stated on the record during the hearing conducted on April 20, 2011, and with the consent of both parties, this Court adopted the Plaintiffs' proposed Class Action Notice form (ECF No. 11-6) with modifications. Plaintiffs have submitted a revised notice form which this Court has reviewed, and which generally reflects the modifications

made during the hearing.  *See* Notice form, ECF No. 21-1.  However, one modification made by this Court at the hearing is not represented in Plaintiffs' submission.[1]  For the purposes of clarity, the entire notice form is represented here:

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**If you have worked at an ezStorage Corporation location as a relief manager and/or resident manager, a class action lawsuit may affect your rights to receive additional wages**

**A Court authorized this notice.  This is not a solicitation from a lawyer.**

- Six former employees of ezStorage Corporation have brought a lawsuit, *Williams et al. v. ezStorage Corporation*, Case No. RDB 10-3335, alleging that they and other individuals working as resident managers and/or relief managers failed to receive overtime pay, in proper amounts. The case has been brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "Law").

- The U.S. District Court for the District of Maryland (the "Court") has entered a conditional order allowing this case to initially proceed as a "collective" action, which is a form of a class action.

- In the lawsuit, the employees complain that their employer did not include in their wages the time spent performing pre-shift and "month end procedures" work.  ezStorage maintains that its employees were not required to work off-the-clock and were compensated for overtime work.

- If you ever worked pre-shift and/or "month end procedures" without having your time counted towards the payment of overtime wages, you may be eligible to participate in this lawsuit.

- Federal law prohibits ezStorage Corporation from discharging you or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Law.  Your right to be free of retaliation does not require that you be currently employed by the ezStorage Corporation.

---

[1] Specifically, this Court deleted the following sentence from the third paragraph of the notice form: "According to the employees, had ezStorage Corporation properly included this time in their house worked, the Law requires additional payment of overtime compensation."

> The Court has not decided whether ezStorage Corporation did anything wrong. There is no money available now and no guarantee that there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | **ASK TO BE INCLUDED** |
| **Get No Benefits From Lawsuit But Retain Legal Rights.** | **Join The Lawsuit. Await the outcome. Give up the right to sue separately.** |
| Under this option, if you do nothing you lose nothing (except a potential claim due to the passage of time). By doing nothing, you retain your legal rights to bring a separate suit against ezStorage Corporation for unlawful wage/hour violations. If money or benefits are later awarded in this case, you will not share in them. | Complete and return an Opt-In Consent Form by June 30, 2011. By "opting in," you gain the possibility of getting money or benefits that may result from a trial or settlement, but you give up your right to separately sue ezStorage Corporation for the same legal claims brought in this lawsuit. |

> The statute of limitations will continue to run until you file a separate lawsuit or opt into this lawsuit.

> If you choose to join this suit, you agree to be represented by the named Plaintiffs through their attorney, Howard B. Hoffman, Esq.

> To ask to be included in this lawsuit, you must return the attached opt-in consent form by June 30, 2011 to: Howard B. Hoffman, Esq., 600 Jefferson Plaza, Suite 304, Rockville, Maryland 20852, (301) 251-3753 (fax) or hhoffman@hoholaw.com.

> The Law provides that a prevailing employee may recover his/her attorneys' fees. You will not be asked to pay any costs or attorneys' fees. A letter of representation exists, and you may ask for a copy in advance.

> **Any questions? Contact class counsel, Howard B. Hoffman, Esq. at (301) 251-3752.**

With regard to the above referenced notice form, notice is to be effectuated via United States Mail, electronic mail (e-mail), and by physical posting at ezStorage facilities. Additionally, there was no objection to the consent form proposed by the Plaintiffs (ECF No. 11-7) and it will be adopted in its entirety.

## CONCLUSION

For the reasons stated on the record at the hearing conducted on April 20, 2011, and for the reasons set forth above, Plaintiffs' motion for conditional collective action certification (ECF No. 11) is GRANTED.

A separate Order follows.


Dated: April 21, 2011                              /s/_____
                                                   Richard D. Bennett
                                                   United States District Judge