IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 DEC 19 P 12: 47

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

|  |  |
|---|---|
| JASON WILLIAMS, *et al.*, On behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>ezSTORAGE CORP.<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>Civil Action No.: RDB-10-3335 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiffs Jason Williams, Todd Williams, John McDonald, Edward Stokes, David Armentrout, Jr., and Stacie Armentrout (collectively "Plaintiffs"), on behalf of themselves and those similarly situated, filed a one count complaint (ECF No. 1) against their former employer ezStorage Corporation ("ezStorage" or "Defendant") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Presently pending is the Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 56). During a teleconference conducted on November 10, 2011, this Court indicated that the Plaintiffs' motion would be granted so as to allow the parties to take the First Amended Complaint into consideration in the case scheduling. This Memorandum Order formalizes this Court's previous statements, and for the reasons that follow, the Plaintiffs' Motion for Leave to Amend (ECF No. 56) will be GRANTED.

1

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

## ANALYSIS

The background facts of this case were described in this Court's Memorandum Opinion of April 21, 2011 (ECF No. 22) and will not be reiterated here. Breifly, the Plaintiffs seek leave to amend their Complaint in order to formally add some thirty opt-in Plaintiffs as named Plaintiffs in this case,[1] to add a claim under the Maryland Wage and Hour Law, and in order to "more clearly allege that scope to the systemic overtime violations at issue in this case."[2] Pls.' Mem. at 2, ECF No. 56-1.

The Defendant does not argue that amendment would be prejudicial, or that it would reward bad faith on the part of the Plaintiffs. Instead, the Defendant only argues that formal amendment is unnecessary insofar as courts do not generally require that opt-in plaintiffs be

---

[1] The original Complaint was filed on November 26, 2010, and on April 21, 2011, this Court conditionally certified this case as a collective action and approved a notice to putative opt-in plaintiffs. *See* Memorandum Opinion and Order, ECF Nos. 22 & 23.

[2] In their original Motion to Amend, the Plaintiffs also sought to add some additional corporate defendants—however, in their Reply to the Defendant's Opposition, the Plaintiffs have agreed not to add the additional corporate defendants, and the issue is now moot. *See* Pls.' Reply at 2, ECF No. 59. The Plaintiffs have made the appropriate revisions to their proposed First Amended Complaint, and the operative Complaint in this case will be the version attached as Exhibit 1 to the Plaintiffs' Reply (ECF No. 59-1).

added as named plaintiffs. The Defendant also make a futility argument—essentially, that should it file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), that motion would be granted, and the amendment would have been futile. On this point, the Defendant notes that it "reserves the right to actually file a motion to dismiss under Rule 12 with more complete and thorough arguments with respect to the grounds articulated in this memorandum." Def.'s Opp'n at 3, ECF No. 57. This Court finds the Defendant's futility argument unavailing and improperly presented. To the extent the Defendant does file a Rule 12(b)(6) motion to dismiss that contains "more complete and thorough arguments," this Court will consider that motion. Accordingly, this Court will briefly discuss the necessity of amendment to add opt-in Plaintiffs to the Complaint, and the Plaintiffs' other arguments for amendment.

In an opinion construing a motion for default judgment in a Fair Labor Standards Act case, this Court recently observed that "[n]either the United States Court of Appeals for the Fourth Circuit nor the United States District Court for the District of Maryland has addressed whether a written consent form is sufficient to add plaintiffs as parties in an FLSA lawsuit." *Lopez v. NTI, LLC*, No. DKC-08-1579, 2008 WL 5120542, at *4 (D. Md. Dec. 4, 2008). In that case, Chief Judge Chasinow denied the plaintiffs' request for default judgment, at least in part, on the ground that the plaintiffs' amended complaint did not add sixteen opt-in claimants. *Id.* In making this determination, Judge Chasinow quoted a case from the Northern District of Illinois which stated:

3

Section 216(b) is phrased in the negative, i.e. no individual may2 be a party plaintiff to a collective action unless he or she files a written consent with the court; *the act of filing a written consent alone does not automatically join an individual to a lawsuit.* Rather, Section 216(b) operates in conjunction with Rule 8 of the Federal Rules of Civil Procedure and requires the employee to name the individual plaintiff and allege his or her cause of action in the complaint and that individual plaintiff must file a written consent with the court.... *The filing of a written consent in and of itself is insufficient to join this lawsuit.*

*Harkins v. Riverboat Servs., Inc.*, No. 99 C 123, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002) (emphasis added); *see also Becker v. Southern Soils*, No. 6:06-cv-Orl-28JGG, 2006 WL 3359687, at *n.1 (M.D. Fla. Nov. 20, 2006) ("The filing of a consent to join in the litigation does not operate as an automatic joinder in the action or amendment of the complaint. Rather, the consent filed pursuant to 29 U.S.C. § 216(b) must be read in conjunction with Fed. R. Civ. P. 8.") (citing *Harkins*, 2002 WL 32406581, at *2).

In considering this issue, this Court need not determine conclusively whether amendment of the Complaint to add opt-in plaintiffs is necessary insofar as the Plaintiffs in this case have advanced other revisions to the original Complaint. Specifically, the Plaintiffs seek to add a claim under the Maryland Wage and Hour Law. That claim, according to the Plaintiffs, arises out of the same facts and circumstances as the FLSA claims already propounded. Moreover, the Plaintiffs seek to clarify some of the claims made in the original Complaint. Therefore, in accordance with Federal Rule of Civil Procedure 15(a)'s pronouncement that leave to amend "shall be freely given when justice so requires," this Court, consistent with its previous statements on November 10, 2011, will grant the Plaintiffs' Motion for Leave to File First Amended Complaint.

## CONCLUSION

For the reasons stated above, it is this 19th day of December 2011, ORDERED that:

1. Plaintiffs' Motion for Leave to File Fist Amended Complaint (ECF No. 56) is GRANTED;

2. The operative Complaint in this case is contained in Exhibit 2 to the Plaintiffs' Reply (ECF No. 59-1); and

3. The Clerk of the Court transmit copies of this Memorandum Order to counsel.

Dated: December 19, 2011

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge